**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NIKET ANANDA CHANDANE**,<br>Plaintiff,<br>v.<br>**MARCO A. RUBIO**, *et al.*,<br>Defendants. | Case No. 26-cv-1740 (CRC) |

**OPINION**

Niket Ananda Chandane, an Indian citizen, sued several United States federal officials, alleging that they unreasonably delayed processing his application for an H-4 nonimmigrant visa. He asked the Court to order the officials to take several procedural steps needed to adjudicate his application or, alternatively, to finish the adjudication altogether. The government moved to dismiss. Since Mr. Chandane filed his lawsuit, the U.S. Consulate General in Hyderabad has interviewed Chandane for his visa application. To the extent Chandane has been provided with the procedural visa-processing relief he seeks, the Court will dismiss his complaint as moot. To the extent any controversy remains, the Court will dismiss for failure to state a claim.

## I. Background

Mr. Chandane is an Indian citizen who previously lived in the United States under an H-1B nonimmigrant visa, which allows skilled foreigners to work in the country. See Compl., Dkt. 1 ¶¶ 9, 20; Pasem v. USCIS, No. 20-CV-344 (CRC), 2020 WL 2514749, at *1 (D.D.C. May 15, 2020) (discussing H-1B visas). His spouse is presently an H-1B nonimmigrant worker. See Compl. ¶ 19. In April 2026, Chandane applied for an H-4 nonimmigrant visa, which permits certain relatives of H-1B visa holders to live in the United States. Id. ¶ 21. However, Chandane

was unable to immediately schedule appointments to complete the steps necessary to process the visa, such as a consular interview and collection of biometric data. Id. ¶¶ 22–25.

In May 2026, he filed this lawsuit against Secretary of State Marco Rubio; Principal Deputy Assistant Secretary John Armstrong; Laura Williams, the U.S. Consul General in Hyderabad, India; and an unnamed consular officer in Hyderabad, all in their official capacities. Id. ¶¶ 10–13. The suit contained a single count of "unreasonable delay" in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1). Specifically, Chandane complained that Defendants had shirked their "obligation to provide access to the required procedural steps necessary for adjudication, including the scheduling of biometric collection and consular interview appointments." Compl. ¶ 33. He asked the Court to compel Defendants "to provide Plaintiff access to the required consular processing steps necessary for adjudication of his H-4 visa application within a reasonable time." Compl. at 6 ¶ 1. "In the alternative," he asked the Court to "compel Defendants to complete processing of Plaintiff's application through the required adjudicative stages." Id. at 6 ¶ 2.

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), claiming that a consular database had no record of Chandane's H-4 application. See Mot. to Dismiss ("MTD"), Dkt. 6 at 2–3. Defendants proceeded to argue that Chandane's H-1B application, which he had apparently submitted in April 2025, was not subject to judicial review. See id. at 2, 5, 10. Defendants also attached a sworn declaration from an attorney at the State Department asserting that a consular database had no record of Chandane's H-4 visa application, that Chandane had applied for an H-1B visa in April 2025, and that the H-1B visa application had been denied after a consular interview in July 2025. See Decl. of Justin Leone, Dkt. 6-1 at 1–2 ¶¶ 3–7. Chandane responded that Defendants were confusing his 2025 H-1B

visa application (which he said had been "withdrawn") with his 2026 H-4 visa application (the subject of his lawsuit). See Pl.'s Opp'n at 1 n.1, 6–7. And he accused Defendants of "mishandling" his H-4 application. See id. at 1 n.1, 7. In a footnote, Plaintiff also informed the Court about a new development: That very morning, the U.S. Consulate General in Hyderabad had interviewed him as part of his H-4 application. Id. at 1 n.1. Plaintiff did not share whether, after that interview, the Consulate had made any decision on his H-4 visa application.

In their reply brief, Defendants notified the Court that the H-4 visa interview had indeed occurred after all and that the interview ended in a "refusal." Reply, Dkt. 8 at 2–3. Defendants again attached a sworn declaration from the same State Department attorney asserting that Chandane's visa application was "refused" at the end of his consular interview and, although "additional screening is ongoing," his H-4 application remains "refused[.]" Decl. of Justin Leone, Dkt. 8-1 at 1–2 ¶¶ 4–6.

## II. Legal Standards

Article III of the U.S. Constitution limits federal courts to adjudicating "Cases" and "Controversies." U.S. Const. art. III § 2; see DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341–42 (2006). "[A] case is moot when the issues presented are no longer live," Larsen v. U.S. Navy, 525 F.3d 1, 3 (D.C. Cir. 2008), or if "a party has already obtained all the relief that it has sought," Prairie Band Potawatomi Nation v. Yellen, 63 F.4th 42, 45 (D.C. Cir. 2023) (citation and internal quotation marks omitted).

When resolving a motion to dismiss under Rule 12(b)(6), "a court may ordinarily consider only the facts alleged in the complaint, and matters about which the Court may take judicial notice." Giliana v. Blinken, 596 F. Supp. 3d 13, 18 (D.D.C. 2022) (citation modified). The defendant bears the burden of showing that the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Shabestary v. Sanders, No. 24-cv-362 (CRC), 2024 WL 5118229, at *2

(D.D.C. Dec. 16, 2024) (quoting Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002)). A court "must treat the complaint's factual allegations as true, and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Giliana, 596 F. Supp. at 17 (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)).

"In considering a motion to dismiss for lack of subject-matter jurisdiction, courts are required to accept as true all of the factual allegations contained in the complaint." Am. Freedom L. Ctr. v. Obama, 821 F.3d 44, 49 (D.C. Cir. 2016) (citation omitted). However, a court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Id. (citation omitted). Because mootness precludes a court's jurisdiction, a court deciding whether a claim has become moot "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." Mukherjee v. USCIS, No. 20-CV-676 (CRC), 2020 WL 3447963, at *1 (D.D.C. June 24, 2020); see, e.g., Sorbi v. Rubio, No. CV 25-02353 (RC), 2026 WL 2474966, at *3 (D.D.C. Aug. 24, 2026).

## III. Discussion

### A. Mootness

This case is largely moot. Mr. Chandane complained that Defendants "failed to provide meaningful access to the required consular processing steps" such as a visa interview. Compl. ¶ 5; see id. ¶ 7 (decrying "Defendants' failure to complete the required procedural steps necessary for adjudication"); id. ¶ 16 (seeking "consular processing"); id. ¶¶ 23–29, ¶¶ 32–35 (similar). Chandane expressly disclaimed that he sought a particular outcome as to the adjudication of his application; instead, he sought "only to compel Defendants to complete the required *processing steps* so that a decision may be made." Compl. ¶ 8 (emphasis added).

Since Chandane filed his complaint, Defendants have provided that process. It is undisputed that, on August 27, 2026, Chandane completed an interview at the U.S. Consulate General in Hyderabad. See Reply, Dkt. 8 at 2–3; Dkt. 8-1 at 1–2 ¶¶ 4–6; Opp'n at 1 n.1; see Padgett v. Vilsack, No. 24-CV-02954 (CRC), 2025 WL 1713254, at *1 (D.D.C. June 18, 2025) (explaining a court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction" including due to mootness (quoting Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005))). The provision of such process largely moots this controversy. See Pasem, 2020 WL 2514749, at *5. Chandane himself seems to recognize as much: In a footnote of his opposition brief, he acknowledges that the Court might "determine[] that the matter has been rendered moot by intervening events[.]" Opp'n at 1 n.1. To the extent Chandane requests that the Court order "Defendants to provide Plaintiff access to the required consular processing steps necessary for adjudication of his H-4 visa application," Compl. at 6 ¶ 1, this case is moot and must be dismissed, see Prairie Band Potawatomi Nation, 63 F.4th at 45.

B. Failure to State a Claim

Chandane alternatively asks the Court to compel Defendants to "complete processing" of his visa application.[1] Compl. at 6 ¶ 2; see id. ¶ 40 ("Plaintiff does not seek to compel a particular outcome, but only to require Defendants to complete the adjudicative process."). This request

[1] Although Chandane acknowledges that he was interviewed for his visa application, he seems to deny that his application was "refused" after that interview. See Opp'n at 1 n.1, 5. To the extent Chandane claims an unreasonable delay in *completing* the adjudication of his visa application, the Court must evaluate that claim within the four corners of the complaint's non-conclusory allegations of fact. See Devorah v. Royal Bank of Canada, 115 F. Supp. 3d 35, 38 (D.D.C. 2015).

for relief fares no better. To the extent Chandane seeks a final adjudication of his application, the Court will dismiss the complaint for failure to state a claim.

Even excluding the government's representation that Chandane's application was refused at the August 27 interview—that is, considering only the allegations in Plaintiff's complaint and not subsequent argument in the motion-to-dismiss briefs—the complaint fails to allege enough facts to state a plausible claim for an unreasonable delay. This determination turns on the familiar factors set out in Telecommunications Research & Action Center v. FCC ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984); see Giliana, 596 F. Supp. 3d at 19. TRAC factors one and two weigh decisively against Chandane. "Congress has supplied no timeline for processing waiver applications," and "[d]ecisions regarding the admission of foreign nationals are granted an especially wide degree of deference." Didban v. Pompeo, 435 F. Supp. 3d 168, 176 (D.D.C. 2020). Recall, Chandane applied for an H-4 visa in April 2026. See Compl. ¶ 21. Even using "the longest possible timeline—from when the petition was filed [in April 2026] to the issuance of this Court's opinion [in November 2026]"—the seven-month delay is not close to unreasonable. Varghese v. Blinken, 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (finding a delay of four years not unreasonable); see Asadi v. U.S. Dep't of State, No. 23-cv-1953 (RC), 2024 WL 3835409, at *7 (D.D.C. Aug. 15, 2024) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable. Conversely, courts in this jurisdiction have typically concluded that delays of two or three years are not unreasonable." (internal citation and quotation marks omitted)).

TRAC factors three and five favor Chandane, given the alleged health and welfare implications of prolonged separation between husband and wife. See Varghese, 2022 WL 3016741, at *4.

The fourth TRAC factor favors the government, since the effect of compelling action on Chandane's application would "impose offsetting burdens on equally worthy" applicants by putting

him "at the head of the queue," thereby "mov[ing] all others back one space and produc[ing] no net gain." In re Barr Labs., Inc., 930 F.2d 72, 73, 75 (D.C. Cir. 1991).

Finally, the sixth TRAC factor is neutral, since Chandane expressly disclaims that Defendants acted with improper motive.[2] See Opp'n at 16.

On balance, the court sympathizes with the difficulties faced by Chandane and his wife because of "[o]ur Byzantine immigration laws." Garcia v. USCIS, 168 F. Supp. 3d 50, 54 (D.D.C. 2016) (citation omitted). Nonetheless, the court will dismiss the case to the extent Chandane seeks a Court order compelling the agency to adjudicate his visa application.

## IV. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's complaint in part as moot under

[2] While the record might not show bad faith, the Court calls attention to several significant mistakes made by the government in adjudicating Chandane's application and litigating this case. In its motion to dismiss, the government asserted that nearly all of Mr. Chandane's factual allegations were "inaccurate." MTD at 2. It claimed that a consular database contained "no information concerning an H-4 visa application" from Chandane and attached a sworn affidavit from a State Department attorney attesting to that claim. See Dkt. 6-1 at 1–2. Chandane responded that Defendants were conflating his 2025 H-1B application (which he said had been "withdrawn") with his 2026 H-4 application (the subject of his lawsuit). Opp'n at 1 n.1. He also contended that Defendants "mishandled or misclassified" his H-1B application, as indicated by his eleventh-hour interview the morning his own opposition brief was due. See id. In reply, Defendants offered a "clarification" admitting that Chandane *did* apply for an H-1B visa after all. See Reply at 1–2. Defendants also submitted a new declaration—from the same State Department attorney who had submitted the erroneous first declaration—confirming that Chandane had indeed applied for an H-1B visa and further stating that a consular officer had refused that application at the end of the interview. See Dkt. 8-1 at 1–2. Defendants offer no explanation for their misstatements and oversights.

Federal Rule of Civil Procedure 12(h)(3) and dismisses in part for failure to state a claim under Rule 12(b)(6). A separate Order will accompany this Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: November 12, 2026